# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREEM TILLERY, | Civil Action No. 17-2366 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| SRG. MIKE WITTEVRONGELS, et al., | |
| Defendants. | |

**WIGENTON**, District Judge:

Currently before the Court is the complaint of Plaintiff, Kareem Tillery. (ECF No. 1). As Plaintiff is a state prisoner who has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to that statute, the Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice.

**I. BACKGROUND**

Plaintiff, Kareem Tillery, seeks to sue two police officers, Sergeant Wittevrongels and Jim Purcell, and their employer, the Union Township Police, based on a video which was used against him at trial. (ECF No. 1 at 6-7). Although it is not clear from the complaint what charges Plaintiff faced, or exactly how the video was relevant to Plaintiff's trial, Plaintiff states that part of his trial concerned an apparent traffic stop, during which Wittevrongels was fitted with a camera and microphone. (*Id.*). This camera recorded the course of the interaction between Wittevrongels, the other officers and Plaintiff. (*Id.*). This video was apparently played at Plaintiff's trial, and that

trial ultimately resulted in Plaintiff being convicted. (*Id.*). While the video was used against Plaintiff at trial, Plaintiff contends that the video produced at trial had been edited to remove exculpatory portions favorable to Plaintiff. (*Id.*). Had those allegedly missing exculpatory portions of the video been shown, Plaintiff asserts that he would have likely been acquitted. (*Id.*). Plaintiff therefore seeks to raise a claim for "spoliation" or the alteration or destruction of the portions of the tape which were edited out for trial against Wittevrongels and Purcell, the officer who affirmed the accuracy of the video during discovery. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159,

162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff seeks to make claims against defendants for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting

3

*County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff seeks to assert claims against two police officers and the Union Township Police based on his claim that the police altered the evidence used against him at trial to exclude exculpatory evidence.

Specifically, Plaintiff asserts that police officers edited or otherwise altered a video tape which was used against him at trial to exclude portions of the tape which he alleges were exculpatory, and directly states that this resulted in his "wrongful" conviction. Plaintiff's complaint therefore appears to be asserting one of two types of claims against the officers and police department – either a claim for malicious prosecution or a Fourteenth Amendment Due Process claim based on the alteration, fabrication, or destruction of evidence. To the extent that Plaintiff sought to bring claims against Defendants for malicious prosecution, such a claim would by necessity fail because Plaintiff has not pled one of the key elements of such a claim – favorable termination. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (malicious prosecution requires Plaintiff to plead that defendants initiated criminal proceedings without probable cause and for an improper purpose, and that these proceedings terminated in his favor). Because a plaintiff cannot proceed on a malicious prosecution claim unless his prosecution terminated in his favor, and because Plaintiff states that he was convicted and that his prosecution did not terminate in his favor, a claim for malicious prosecution is foreclosed until such time as Plaintiff has had his "wrongful" conviction invalidated. *Id.*

The other potential claim Plaintiff may be attempting to raise is a Due Process claim based on the destruction, alteration, or fabrication of evidence which resulted in his conviction at trial. A criminal defendant may pursue a claim for the use of altered, destroyed, or fabricated evidence at his trial under the Due Process clause where he can show that the Defendants altered or fabricated evidence against him for use at trial, and that this evidence was ultimately used against

4

him at trial. *Id.* at 292-95; *Black v. Montgomery Cnty.*, 835 F.3d 358, 369 n. 9, 370-71 (3d Cir. 2016). Such a claim also has an additional element which depends on the outcome at trial. *Black*, 835 F.3d at 370-71. Where, as here, the allegedly altered evidence resulted in a conviction, the plaintiff must show that "there is a reasonable likelihood that, without the use of [the altered] evidence, [he] would not have been convicted." *Id.* at 370 (quoting *Halsey*, 750 F.3d at 294).

While the Third Circuit has not explicitly held that there is a favorable termination requirement for such a claim, the requirement that a convicted plaintiff show that there is a reasonable likelihood he would not have been convicted absent the Due Process violation implicates the long standing rule that a plaintiff may not challenge his conviction via a § 1983 complaint. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his [conviction or] confinement" and § 1983 cannot be used by a prisoner to seek either his "immediate release" or a "shortening" of his term of confinement); *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973). Under the *Heck/Preiser/Wilkinson* doctrine, a plaintiff may not use § 1983 to raise a claim which either directly seeks to undo his conviction, or which seeks to raise a claim for money damages which would impugn the validity of his conviction or sentence. *Wilkinson*, 544 U.S. at 80-81; *Heck*, 512 U.S. at 486-87.

Thus, a § 1983 plaintiff cannot proceed on a claim for money damages without first invalidating his conviction through state process or a habeas corpus petition where his claim's success would undermine or impugn the validity of this conviction even if he seeks only money damages. As explained above, the implied invalidity of the conviction arising out of altered evidence is exactly what a plaintiff is required to plead to proceed on a fabricated/altered evidence claim – i.e. that there is a reasonable likelihood that he would not have been convicted absent the

5

use of that fabricated evidence. *Black*, 835 F.3d at 370. Thus, where a plaintiff raises a claim for money damages asserting that altered or fabricated evidence was used against him at trial and resulted in his conviction, that claim is barred by the *Heck* doctrine unless and until he has his conviction arising out of that evidence invalidated.[1] *Wikinson*, 544 U.S. at 80-81; *Heck*, 512 U.S. at 486-87; *see also Wright v. City of Philadelphia*, --- F. Supp. 3d ---, ---, No. 16-5020, 2017 WL 167970, at *7-8 (E.D. Pa. Jan. 17, 2017). Because Plaintiff pleads that he would not have received his "wrongful" conviction absent the allegedly altered evidence, his claim is barred until he has his conviction invalidated, and his claim must be dismissed without prejudice as a result.[2]

---

[1] While it is not clear whether favorable termination is an element of an altered/fabricated evidence claim, a plaintiff who was convicted in the trial in which the altered evidence was used who has not secured a favorable termination is caught in a catch-22 – either he fails to plead that there is a reasonable likelihood that he would not have been convicted absent the allegedly altered evidence or by successfully pleading such a claim he establishes that his claim is barred by *Heck* unless and until his conviction is invalidated. In either case, his case would need to be dismissed, either for failure to state a claim or as *Heck* barred. Thus, although favorable termination may not be a technical requirement of a fabricated/altered evidence claim, it is essentially a de facto requirement to proceed on such a claim.

[2] While this is sufficient to establish that Plaintiff's claims must be dismissed without prejudice in their entirety, this Court also notes that the Union Township Police are not a proper defendant in a § 1983 matter as a police department is not considered a separate entity from the municipality to which it belongs. *See, e.g., Rivera v. Zwiegle*, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 9, 2014). Thus, the Union Township Police would have to be dismissed with prejudice as an improper defendant in any event.

**III. CONCLUSION**

For the reasons stated above, Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety. An Appropriate order follows.

Dated: May 10, 2017	*s/ Susan D. Wigenton*
	Hon. Susan D. Wigenton,
	United States District Judge